THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DONALD F. CAMPBELL, Appellant.

County Court, Onondaga County, October 5, 1966.

*Rauch, Gordon & Huffman (Dwight J. Huffman* of counsel), for appellant. *Francis R. Moran, District Attorney (William C. Martin* of counsel), for respondent.

ALBERT ORENSTEIN, J. The defendant has appealed to this court from a judgment of conviction for speeding in violation of section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law of the State of New York, rendered on July 14, 1966 by B. ARLINGTON GARRETT, Justice of the Peace of the Town of Fabius, New York.

Defendant contends, among other things, that the court below erred in denying defendant's motion to dismiss on the ground that the complaint was not signed before the Justice of the Peace, contrary to section 91.11 of the Rules and Regulations of the Commissioner of Motor Vehicles.

In answer to this contention, the Justice's return on appeal admits that the complaint was not signed in the presence of the Justice, but was sworn to by the arresting officer in the presence of the Justice.

The applicable part of section 91.11 of the Rules and Regulations of the Commissioner of Motor Vehicles (15 NYCRR 91.11) reads as follows:

" *Police officer procedure for uniform traffic ticket — revised.* (a) When an alleged traffic violation is issued a uniform traffic ticket — revised, the police officer shall sign part I of the packet and deliver same to the alleged violator, shall *swear to and sign part ii* before a person authorized to administer the necessary oath, and shall deliver parts II, III and IV to the court in which the alleged violator is notified to appear. He shall retain part V for his own records, or deliver it to the enforcement agency depending upon the procedure adopted by the enforcement agency." (Emphasis supplied.)

The statute is clear; there is a fatal defect in the information unless it is both sworn to and signed in the presence of the Justice.

Judgment is reversed.